[Cite as *Harris v. Paris*, 2011-Ohio-6653.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97004**

## FREDERICK D. HARRIS, M.D.

PLAINTIFF-APPELLANT

vs.

## E. TASSO PARIS, ESQ.

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-749693

**BEFORE:** Jones, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 22, 2011

**ATTORNEY FOR APPELLANT**

Michael D. Rossi
Guarnieri & Secrest, P.L.L.
151 East Market Street
P.O. Box 4270
Warren, Ohio 44482

**ATTORNEY FOR APPELLEE**

Thomas Paris
Paris & Paris
55 Public Square
Suite 1275
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} Plaintiff-appellant, Frederick Harris, M.D., appeals the trial court's judgment granting summary judgment in favor of defendant-appellee, E. Tasso Paris, Esq. Finding no merit to the appeal, we affirm.

{¶ 2} In 2009, Harris retained the services of Paris to file a lawsuit against the doctor's former attorney, Steve Miller, and Miller's law firm. See *Frederick D. Harris v. Goodman, Weiss & Miller, LLP,* Cuyahoga C.P. No. CV-09-698310. Paris filed the lawsuit not knowing, he avers, that the matter had already been disposed of through binding arbitration. Once the defendants filed a motion to dismiss, Paris responded by voluntarily dismissing the lawsuit without prejudice. Paris had informed Harris that he was dismissing the lawsuit.

{¶ 3} Harris subsequently hired another attorney to file a professional tort action against Paris, which is the subject of this appeal. Paris filed a motion to dismiss and the trial court converted the motion to dismiss into a motion for summary judgment. Both parties filed briefs and the trial court subsequently granted summary judgment in favor of Paris.

{¶ 4} Harris now appeals, raising one assignment of error, in which he argues that the trial court erred in granting summary judgment in favor of Paris.

{¶ 5} We review an order granting summary judgment de novo, applying the same standard the trial court used. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369, 1998-Ohio-389, 696 N.E.2d 201.

{¶ 6} Harris argues that because Paris failed to refile the lawsuit within the applicable time period, he was barred from pursuing his claims against Miller. He contends that Paris should have pursued his lawsuit because the original arbitration panel was improperly composed. Because the original arbitration panel was comprised of one lawyer and two non-lawyers, Harris claims, the panel's decision should have been set aside.[1] But there is no evidence before this court regarding the composition or make up of

---

[1] Harris originally executed an agreement to arbitrate with the Cuyahoga County Bar Association. The agreement provided that if the amount in dispute is over $300, the arbitration

the arbitration panel.

{¶ 7} Harris and Miller agreed to submit their fee dispute to binding arbitration. In April 2009, Harris executed a consent to arbitration, which stated that he agreed to be bound by the rules and regulations of the Legal Fee Dispute Resolution Committee of the Cleveland Metropolitan Bar Association and further agreed to be bound by and comply with the arbitration order.

{¶ 8} The decision of the arbitrators was binding and Harris did not challenge the panel's decision that neither he nor Miller was entitled to recover any money from the other. If Harris had a problem with the arbitration decision, his recourse was to file a motion in common pleas court.[2] He did not do so.

{¶ 9} Harris now claims that the arbitration panel did not have subject matter jurisdiction over the fee dispute because the panel was improperly composed of two non-lawyers. Harris's opportunity to challenge the arbitrator's decision has passed. And he is prohibited from "bootstrapping" his disagreement with the arbitration process to a lawsuit against his former attorney.

{¶ 10} Paris properly dismissed the lawsuit once he found out that Harris's claim against Miller had already been resolved through arbitration. As the attorney of record,

---

panel shall be composed of three members, one of which is a non-lawyer. The subsequent agreement he executed was with the newly formed Cuyahoga Metropolitan Bar Association, which provided for a different composition based on the amount in dispute.

[2]R.C. 2711.13 provides that "[a]fter an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

Paris was obligated to dismiss the claim or risk sanctions for pursuing a frivolous lawsuit. See Civ.R. 11.

{¶ 11} In light of the above, the trial court did not err in granting summary judgment in favor of Paris. The sole assignment of error is overruled.

Accordingly, judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, JUDGE

MELODY J. STEWART, P.J., and
EILEEN A. GALLAGHER, J., CONCUR